IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRON MCGARRAH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1119-M-BN |
| | § | |
| EDDIE WILLIAMS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Tyron McGarrah, proceeding *pro se*, brings this civil rights action alleging that the warden and assistant warden of the Johnson County Corrections Center, the sheriff of Johnson County, Texas, the executive director of LaSalle Southwest Corrections, and the vending company that services the Corrections Center are responsible for violating his civil rights by charging inflated prices at the jail's commissary. On March 31, 2014, Plaintiff tendered a complaint to the district clerk. *See* Dkt. No. 1. Plaintiff also filed an application to proceed *in forma pauperis* and an amended complaint. *See* Dkt. No. 4. Because the information provided by Plaintiff in

his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 5.

In his complaint, exhibits, and "discovery documents" submitted to the Court, Plaintiff generally contends that his constitutional rights have been violated by the inflated prices charged for items such as postage stamps and toothpaste that can only be purchased at the jail's commissary. *See* Dkt. No. 1 at 4 & 7.

The undersigned now concludes that Plaintiff's claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and that Plaintiff's motion for appointment of counsel [Dkt. No. 6] should be denied.

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

To state a civil rights claim for a violation of 42 U.S.C. § 1983, a Plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law. *See Hessbrook v. Lennon,* 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff complains about being charged $.51 for a $.49 stamp and $.65 for a pre-stamped envelope worth $.58,

-3-

among other inflated prices charged at the Johnson County Law Enforcement Center. *See* Dkt. No. 1 at 4. These allegations fail to state a claim for which relief can be granted.

The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible. *Grice v. Blanco,* No. 07-0617, 2007 WL 2908826, at *13 (W.D. La. July 18, 2007). "In evaluating the constitutionality of conditions or restrictions of pretrial detention ... the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). "If a ... condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless," a court may infer that the condition amounts to punishment. *Morrow v. Harwell,* 768 F.2d 619, 625 (5th Cir. 1985). But complaints that essentially allege that prison officials have interfered with a detainee's desire to live more comfortably – including challenges to restrictions on telephone usage and the high prices for telephone calls and commissary items – do not allege a constitutional violation and are properly dismissed as frivolous. *See Joseph v. Barthelemy*, 95 F.3d 53 (table), 1996 WL 460003, at *2 (5th Cir. July 30, 1996).

"[O]vercharging for commissary items does not independently violate any constitutional right and thus fails to state a claim under 42 U.S.C. § 1983." *Daniels v. Bowles,* No. 3:03-cv-1555-D, 2004 WL 2479917, at *4 (N.D. Tex. Nov. 2, 2004) (citing *Reed v. Dallas Cnty. Sheriff's Dep't,* 2004 WL 2187104, *6 (N.D. Tex. Sept. 28, 2004)), *rec. adopted*, (N.D. Tex. Dec. 2, 2004). "Although such a claim perhaps could be viable in the context of an alleged deprivation of the necessities of life, Plaintiff makes no

claim that he was deprived of food in general during his stay in the ... County Jail. That he could not purchase certain goods at a price he finds acceptable does not state a constitutional violation." *Id.*

The undersigned concludes that Plaintiff has presented his best case and that further amendment of the pleadings would serve no useful purpose. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal* 556 U.S. at 664. Accepting all of Plaintiff's allegations as true, and giving Plaintiff the benefit of the doubt, the undersigned concludes that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be summarily dismissed with prejudice.

## Recommendation

Plaintiff's claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for appointment of counsel [Dkt. No. 6] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE